1   Stan S. Mallison (SBN 184191)
    Hector R. Martinez (SBN 206336)
2   LAW OFFICES OF MALLISON & MARTINEZ
    *StanM@MallisonLaw.com*
3   *HectorM@MallisonLaw.com*
    1042 Brown Avenue, Suite A
4   Lafayette, CA 94549
    Telephone:    (925) 283-3842
5   Facsimile:    (925) 283-3426

6

7   Attorneys for PLAINTIFFS

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13                                          ) Case No. C07-02408

14  **JOSE FERNANDO RAMIREZ, EVARARDO**     )
    **MONTEJANO, and SERGIO JACOBO** on behalf ) **CLASS ACTION COMPLAINT FOR:**
15  of a class of similarly situated employees )
                                            )   **1. Failure to Provide Rest Periods**
16                                          )      **and Meal Periods**
                                            )   **2. Failure to Pay Overtime Wages**
17              **Plaintiffs,**             )   **3. Failure to Pay Minimum Wages**
                                            )   **4. Failure to Pay Wages of**
18          **vs.**                         )      **Terminated or Resigned Employees**
                                            )   **5. Knowing and Intentional Failure to**
    **MILGARD MANUFACTURING INC.**          )      **Comply with Itemized Employee**
                                            )      **Wage Statement Provisions**
            **Defendant**                   )   **6. Breach of Contract**
                                            )   **7. Conversion**
                                            )   **8. Violation of Unfair Competition**
                                            )      **Law**
                                            )
                                            )
                                            )
                                            )
                                            )
                                            )
                                            )
26                                          )
                                              **DEMAND FOR JURY TRIAL**

27

28

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

Class Action Complaint – Demand for Jury Trial

Plaintiffs Jose Fernando Ramirez (hereinafter "RAMIREZ"), Everardo Montejano (hereinafter "MONTEJANO"), and Sergio Jacobo (hereinafter "JACOBO" and Collectively "PLAINTIFFS") bring this action against MILGARD MANUFACTURING INC., and its subsidiaries or controlled affiliated corporations, partnerships, parent companies, subsidiaries, partners, "dbas", or agents (hereafter collectively "MILGARD" or "DEFENDANT"), and allege upon information and belief which is based upon the investigation of his counsel, except as to the allegations concerning PLAINTIFFS or their counsel which are made upon PLAINTIFFS' personal knowledge, as follows:

## I.   NATURE OF THE ACTION

1.     This is a wage and hour action to vindicate the rights afforded employees under California law.   This action is brought on behalf of PLAINTIFFS and former non-exempt California employees of DEFENDANT during the past four years (collectively the "Class"). PLAINTIFFS are informed and believe and thereupon allege that DEFENDANT is a corporation engaged in business as a California Corporation.

2.     The core of DEFENDANT'S violations revolve around the systematic failure to pay minimum and overtime wages; failure to indemnify for all necessary expenditures incurred; failure to keep accurate time records; failure to provide meal or rest breaks (or pay the statutory compensation due) in the State of California.

3.     DEFENDANT'S business practices are not isolated but impact a large number of workers who have worked for, currently work for, and will work for DEFENDANT in California, and as such, resolution of this issue will have large benefits for workers and the public as a whole.

### JURISDICTION AND VENUE

4.     This case, and the causes of action there under including state law claims, are also subject to original jurisdiction in this Court pursuant to the Class Action Fairness Act of 2005

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 2 -

Class Action Complaint – Demand for Jury Trial

("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.), because the

matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and

is a class action in which at least one member of the proposed class is a citizen of a state different

than DEFENDANT.

5.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391

because this District is the district in which factories owned by the DEFENDANT are located and

operate and a district in which a substantial part of the events or omissions giving rise to the claims

occurred and where PLAINTIFFS and DEFENDANT resides.

## INTRADISTRICT ASSIGNMENT

6.      This case is properly assigned to the San Jose Division of this Court because the

action arises from events that occurred in the counties covered by the San Jose Division as

described Northern District Local Rule 3-2(e).

## INTRODUCTION

7.      This is a wage and hour action to vindicate the rights afforded to PLAINTIFFS and

the CLASS by the California Labor Code, California Business and Professions Code, and

California contract and tort law.   PLAINTIFFS were employed as non-exempt employees for

DEFENDANT within the State of California.   The action seeks recovery for wages and

compensation due and other related remedies for PLAINTIFFS under California laws for the

maximum period prior to filing this complaint to the present as set out below.

8.      The claims of this lawsuit spring from a pattern of employer misconduct and

wrongdoing that is a characteristic of the labor system utilized by DEFENDANT in California,

where unpaid and improperly paid labor, as alleged herein, is a common business practice, and

where the employer externalizes the cost of capital expenditures upon DEFENDANT'S employees.

DEFENDANT'S actions in this case demonstrate a systematic disregard for the rights afforded to

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA  94549
925.283.3842

- 3 -

Class Action Complaint – Demand for Jury Trial

PLAINTIFFS under California wage and hour law. The following paragraphs detail specific violations of law comprising these wage-related claims.

9.      During the past four years DEFENDANT consistently maintained and enforced against its non-exempt employees, including PLAINTIFFS, the following unlawful practices and policies, in violation of California wage and hour laws:

    a.    failing to properly pay PLAINTIFFS and the Class premium overtime and/or double time wages as defined by California IWC orders;

    b.    failing to properly pay PLAINTIFFS and the Class minimum wages as defined by the California IWC orders;

    c.    failing to provide PLAINTIFFS and the Class, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided;

    d.    requiring PLAINTIFFS and the Class, to work at least five (5) hours without a full and complete meal period and failing to pay such employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided;

    e.    failing to maintain accurate and complete employment records for PLAINTIFFS and the Class;

    f.    failing to pay all wages due upon termination.

10.     Pursuant to the California Labor Code PLAINTIFFS seek unpaid premium overtime wages, minimum wages, unpaid rest and meal period compensation, unpaid contractual wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, interest, reasonable attorneys' fees, and costs of suit.  PLAINTIFFS do not seek in this complaint any penalties that are available only through the procedures detailed in Labor Code §2698 et seq. though PLAINTIFFS are entitled to amend as provided by those provisions.

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA  94549
925.283.3842

- 4 -

Class Action Complaint – Demand for Jury Trial

11.     Pursuant to state contract and torts law, PLAINTIFFS seek damages, any other contractual or tort relief including punitive or exemplary damages, and all of the relief provided by tort and contract law including California labor code remedies that are incorporated into PLAINTIFFS' contractual claims.

12.     Pursuant to Business and Professions Code §§17200 et. seq. PLAINTIFFS also seek injunctive relief, declaratory relief, restitution, and restitutionary disgorgement of all wages earned but retained by DEFENDANT as a result of their failure to comply with the above laws.

13.     PLAINTIFFS are also entitled to attorneys' fees pursuant to the private attorney provisions of California Code of Civil Procedure §1021.5 as well as California statutory, contract and tort law.

## **PARTIES**

### ***PLAINTIFFS***

14.     Named PLAINTIFFS are, and at all relevant times, were residents of California and lived within the counties covered by the San Jose Division as described Northern District Local Rule 3-2(e). PLAINTIFFS were employed in commerce while employed by DEFENDANT in DEFENDANT'S window manufacturing operations.

15.     At all relevant times herein, PLAINTIFFS were employed by DEFENDANT and, on information and belief, DEFENDANT is an enterprise engaged in commerce, in and around San Benito County, California. DEFENDANT employed PLAINTIFFS as non-exempt employees. PLAINTIFFS were hired pursuant to written or implied contracts of employment entered into within the counties covered by the San Jose Division as described Northern District Local Rule 3-2(e). During the relevant time period PLAINTIFFS performed services for DEFENDANT during all or substantially all of the Class Period at hourly and/or bonus rates that varied over their employment.

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 5 -

Class Action Complaint – Demand for Jury Trial

16.   As DEFENDANT'S non-exempt employees, PLAINTIFFS were regularly subjected to, or had personal knowledge of, the violations described in the Complaint, however, many allegations are made upon their attorney's investigation and are, therefore, made on information and belief.

## DEFENDANT

17.   On information and belief, MILGARD MANUFACTURING, INC. (DEFENDANT) is a Washington State Corporation based in Marysville, Tacoma with approximately a dozen manufacturing plants. Four of these locations are in California and are: 1) "Hollister" at 2451 Bert Drive, Hollister, CA 95023; 2) "Sacramento" 6050 88th Street, Sacramento CA 95828; 3) "Simi Valley" 355 Easy Street, Simi Valley, CA 93065; and 4) "Temecula" 26879 Diaz Road, Temecula, CA 92590. DEFENDANT is wholly owned and controlled by Masco Corporation, a Delaware State Corporation with principal executive offices in Michigan. Masco Corporation, as certified by its CEO and CFO, has designed disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under Masco's supervision, to ensure that the material information relating to Masco Corporation, including its consolidated subsidiaries is made known to Masco Corporation, including Masco's CEO and CFO. The allegations of this complaint constitute material information relating to Masco Corporation's financial results relating to its reporting of operating profits of "Other Specialty Products" as described in its 2006 10-K filed with the United State Securities and Exchange Commission. The purported business address of DEFENDANT is 965 54th Ave, East Tacoma, Washington 98424. DEFENDANT'S Agent for Service of Process in California is C T Corporation System, 818 West Seventh Street, Los Angeles, California 90017. At all relevant times to this action, DEFENDANT employed PLAINTIFFS and the Class. On information and belief, DEFENDANT was the employer of PLAINTIFFS and the Class at all relevant times.

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 6 -

Class Action Complaint – Demand for Jury Trial

18.     PLAINTIFFS are informed and believe, and based thereon allege, that DEFENDANT and its subsidiaries or controlled affiliated corporations, partnerships, parent companies (including Masco Corporation), subsidiaries, partners, "dbas," or agents carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of these persons are legally attributable to DEFENDANT.

## FACTUAL BACKGROUND

19.     DEFENDANT operated and, at all relevant times herein, has conducted business, including the manufacturing of windows at four manufacturing facilities within California.   On information and belief, DEFENDANT has employed more than a thousand persons, if not thousands of persons, in the State of California.

20.     During the Class Period DEFENDANT, consistently maintained and enforced against its non-exempt employees, including PLAINTIFFS and the Class, the following unlawful practices and policies, in violation of California state wage and hour laws:

    a.      failing to properly pay PLAINTIFFS and the Class premium overtime wages for all hours worked in excess of 8 hours in one day, 40 hours in a workweek;

    b.      failing to properly pay PLAINTIFFS and the Class minimum wages for all hours worked;

    c.      failing to provide PLAINTIFFS and the Class, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.  For example, DEFENDANT failed to provide PLAINTIFFS with a break during the final four hours of their shift.

    d.      requiring PLAINTIFFS and the Class, to work at least five (5) hours without a full and complete meal period (or 10 hours without a second full and

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA  94549
925.283.3842

- 7 -

Class Action Complaint – Demand for Jury Trial

complete meal period) and failing to pay such employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the proper meal period is not provided. For example, DEFENDANT failed to give employees lunch breaks until 7.5 hours into their shift, failed to give two lunch breaks for shifts lasting longer than 10 hours, and required employees to cut short their meal period to conduct preparation work for their post-meal period shift.

e.    failing to maintain accurate and complete employment records for PLAINTIFFS and the Class;

f.    failing to pay all wages due upon termination.

g.    whether DEFENDANT failed to provide accurate itemized wage statements;

21.    On information and belief, DEFENDANT was on actual and constructive notice of the improprieties alleged herein by PLAINTIFFS and intentionally refused to rectify their unlawful policies. DEFENDANT'S violations, as alleged above, were knowing, willful and deliberate.

22.    DEFENDANT has made it difficult to account with precision for the wages unlawfully withheld from DEFENDANT'S non-exempt employees, including PLAINTIFFS, during all relevant times herein, because they did not implement and preserve a sufficient record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

23.    DEFENDANT has failed to comply with California Labor Code §226(a) by itemizing in wage statements all wages properly earned and accurately reporting total hours worked by PLAINTIFFS and the Class. PLAINTIFFS and the Class are therefore entitled to statutory penalties not to exceed $4000 pursuant to Labor Code § 226(e).

## II.    CLASS ACTION ALLEGATIONS

24.    PLAINTIFFS brings this action on behalf of themselves and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23. PLAINTIFFS seek to

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 8 -

Class Action Complaint – Demand for Jury Trial

1   represent the following "Class" composed of and defined as follows:

2         **CALIFORNIA MILGARD WORKERS:** All non-exempt persons who
      are employed or have been employed by DEFENDANT in the State of
3         California who, within four (4) years of the filing of the original complaint
      in this case, have worked as hourly non-exempt employees and were not
4         paid all lawful wages, including overtime, rest, and meal period wages.

5   PLAINTIFFS reserve their right to amend or modify the class description with greater specificity

6   to further divide into subclasses or to limit to particular issues.

7         25.    This action has been brought and may properly be maintained as a class action

8   under the provisions of Federal Rule of Civil Procedure 23 because there is a well-defined

9   community of interest in the litigation and the proposed Class is easily ascertainable by means of

10  DEFENDANT'S records.

11                            **A. <u>Numerosity</u>**

12        26.    The potential members of the Class as defined are so numerous that joinder of all

13  the members of the Class is impracticable. While the precise number of Class Members has not

14  been determined at this time, PLAINTIFFS are informed and believes that the class consists of

15  thousands of workers. Upon information and belief, PLAINTIFFS allege that DEFENDANT'S

16  employment records would provide information as to the number and location of all Class

17  Members. Joinder of all members of the proposed Class is not practicable.

18                            **B. <u>Commonality</u>**

19        27.    There are questions of law and fact common to the Class predominating over any

20  questions affecting only individual Class Members. These common questions of law and fact

21  include, without limitation:

22            a.    whether DEFENDANT failed to pay overtime wages;

23            b.    Whether DEFENDANT violated the California Labor Code and wage orders

24                   by compensating PLAINTIFFS and the Class at hourly wage rates below the

25                   minimum wage rate;

26            c.    whether DEFENDANT failed to permit rest periods of at least (10) minutes

27                   per four (4) hours worked or major fraction thereof and failing to pay such

28                   employees one (1) hour of pay at the employee's regular rate of

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

Class Action Complaint – Demand for Jury Trial

| | | |
|---|---|---|
| 1 | | compensation for each workday that the rest period was not provided; |
| 2 | d. | whether DEFENDANT failed to provide a full and complete meal period |
| 3 | | during each period of five (5) hour work completed and failed to pay such |
| 4 | | employee one (1) hour of pay at the employee's regular rate of |
| 5 | | compensation for each workday that the meal period was not provided; |
| 6 | e. | whether Defendant failed to maintain accurate and complete employment |
| 7 | | records for PLAINTIFFS and the Class; |
| 8 | f. | whether DEFENDANT failed to pay all wages due upon termination. |
| 9 | g. | whether DEFENDANT failed to provide accurate itemized wage statements; |
| 10 | h. | whether DEFENDANT failed to maintain accurate time-keeping records; |
| 11 | i. | Whether DEFENDANT committed unlawful business practices in violation |
| 12 | | of section 17200 et seq. of the Business and Professions Code by the above |
| 13 | | practices and other violations of the California Labor Code. |
| 14 | j. | Whether DEFENDANT committed unfair business practices in violation of |
| 15 | | section 17200 et seq. of the Business and Professions Code  by violating the |
| 16 | | public policies underlying the California Labor Code and/or wage orders. |
| 17 | k. | Whether DEFENDANT breached written or implied contractual terms with |
| 18 | | PLAINTIFFS and other Class members. |
| 19 | l. | Whether DEFENDANT improperly converted employees labor or monies |
| 20 | | for the use of DEFENDANT; |
| 21 | m. | Whether PLAINTIFFS and the other Class members are entitled to damages, |
| 22 | | liquidated damages, wages, premium wages, restitution, statutory penalties, |
| 23 | | injunctive and declaratory relief, punitive or exemplary damages, attorney's |
| 24 | | fees and costs, and other relief pursuant the California Labor Code and wage |
| 25 | | orders, Conversion and Contractual causes of action, and Business and |
| 26 | | Professions Code section 17200 et seq. |
| 27 | /// | |
| 28 | /// | |

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA  94549
925.283.3842

- 10 -

Class Action Complaint – Demand for Jury Trial

1

## C.  **Typicality**

2    28.    The claims of the named PLAINTIFFS are typical of the claims of the Class.

3   PLAINTIFFS and all members of the Class sustained injuries and damages arising out of and

4   caused by DEFENDANT'S common course of conduct in violation of California laws, regulations,

5   and statutes as alleged herein.

6

## D.  **Adequacy of Representation**

7    29.    PLAINTIFFS will fairly and adequately represent and protect the interests of the

8   members of the Class.  Counsel who represent PLAINTIFFS are competent and experienced in

9   litigating employment class actions.

10

## E.  **Superiority of Class Action**

11    30.    A class action is superior to other available means for the fair and efficient

12   adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

13   questions of law and fact common to the Class predominate over any questions affecting only

14   individual members of the Class.  Each member of the Class has been damaged and is entitled to

15   recovery by reason of DEFENDANT'S unlawful policy and/or practice of failing to compensate

16   Class Members for all wages earned and due and engaging in the other unlawful practices herein

17   complained of.

18    31.    Class action treatment will allow those similarly situated persons to litigate their

19   claims in the manner that is most efficient and economical for the parties and the judicial system.

20   PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management

21   of this action that would preclude its maintenance as a class action.

22

23

## **CAUSES OF ACTION**

24

## **FIRST CAUSE OF ACTION**

25

26

## **FAILURE TO PROVIDE REST PERIODS AND MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

27

(CALIFORNIA LABOR CODE §§ 226.7, 512)

28    32.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA  94549
925.283.3842

- 11 -

Class Action Complaint – Demand for Jury Trial

33.     California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

34.     The applicable wage order issued by the Industrial Welfare Commission is Wage Order 1. Wage Order 1 states with regards to meal periods:

(A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

A similar provision is contained at California Labor Code §512.

35.     In this case, there was no mutual waiver of meal period and employees worked for periods of more than five hours without a meal period of 30 minutes.  DEFENDANT violated California Labor Code §226.7 by failing to provide meal periods mandated by Labor Code §226.7 and Wage Order 1.  As such, DEFENDANT is liable for one hour of pay at the employee's regular rate of compensation for each workday that the meal periods were not provided.

36.     Wage Order 1 states with regards to breaks:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 12 -

Class Action Complaint – Demand for Jury Trial

However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

37.    On information and belief, during the meal and rest period liability period, DEFENDANT did not authorize or permit PLAINTIFFS and the Class to take rest periods.

38.    As noted above DEFENDANT violated California Labor code §226.7 by failing to provide proper meal and rest periods mandated by Labor Code §226.7 and Wage Order 1, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided and one hour pay at the employees' regular rate of compensation for each work day that the rest period is not provided.

39.    PLAINTIFFS and the Class did not voluntarily or willfully waive rest and/or meal periods.    Any express or implied waivers obtained from PLAINTIFFS and the Class was not willfully obtained, was not voluntarily agreed to, and was an unlawful condition of employment or part of a contract of an unlawful adhesion.

40.    By their failure to provide meal periods for days on which non-exempt employees work(ed) work periods in excess of five hours, and failing to provide compensation for such unprovided meal periods DEFENDANT willfully violated Labor Code §§226.7 & 512.

41.    By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code, DEFENDANT has injured PLAINTIFFS and the CLASS and made it difficult to calculate the unpaid rest and meal period compensation due PLAINTIFFS and the Class.

42.    As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and the Class have been deprived of premium wages in amounts to be determined at trial, and is entitled to recovery of

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 13 -

Class Action Complaint – Demand for Jury Trial

such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§203, 226, 226.7, and 1194.

43.     WHEREFORE, PLAINTIFFS and the Class requests relief as described herein and below.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION

(CALIFORNIA LABOR CODE §510, 1194 AND 1194.2)

44.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

45.     California Labor Code §510(a) states:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

See also California Labor Code §1185; Industrial Welfare Commission Wage Order 1. California Labor Code §500 defines, "Workday" and "Day" to mean any consecutive 24 hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

46.     As described herein, DEFENDANT violated California Labor Code 510 and Wage Order 1 by employing PLAINTIFFS and the Class in excess of 8 hours in one day, 40 hours in a workweek, and on the seventh day of a workweek without overtime pay. DEFENDANT also violated California Labor Code §510 and Wage Order 1 by employing PLAINTIFFS and the Class greater than 8 hours on the seventh day of work and in excess of 12 hours in a day without pay twice the regular rate of pay for the employee.

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 14 -

Class Action Complaint – Demand for Jury Trial

47.    PLAINTIFFS and the Class may enforce these provision pursuant to Labor Code §1194(a) and Business and Professions Code §17200 et seq.

California Labor Code §1194(a) states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

48.    As a result, PLAINTIFFS and the Class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE

(CALIFORNIA LABOR CODE §1197, 1194(A), 1194.2, WAGE ORDER 1)

49.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

50.    California Labor Code §1197, entitled "Pay of Less Than Minimum Wage" states:

The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

51.    The applicable minimum wages fixed by the commission for construction workers is found in IWC Wage Order 1 (prior to recent amendment), which states:

Every employer shall pay to each employee wages not less than ... six dollars and seventy-five cents ($6.75) per hour for all hours worked effective January 1, 2002...

The amended wage order 1 modifies the above language to note that effective January 1, 2007, the minimum wage has been raised to $7.50 per hour and the minimum wage will again be raised to $8.00 per hour effective January 1, 2008.

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

52.     As described above, DEFENDANT failed to pay minimum wage "for all hours worked."  This violation of California minimum wage law was substantial, non-trivial, and required on a daily basis by DEFENDANT.

53.     DEFENDANT has the ability to pay minimum wages for all time worked and has willfully refused to pay such wages with the intent to secure for DEFENDANT a discount upon this indebtedness with the intent to annoy harass, oppress, hinder delay or defraud PLAINTIFFS and the Class and has therefore violated California Labor Code §226(a).  As a result of DEFENDANT'S violations of the minimum wage by failing to record and pay minimum wage for all hours worked, DEFENDANT violated California Labor Code §226(a) by inaccurately stating gross wages earned, total hours work, deductions, net wages and other issues as described above.

54.     As a result of DEFENDANT'S violations of the minimum wage by failing to record and pay minimum wages for all hours worked, DEFENDANT violated California Labor Code §226.

55.     California Labor Code §226.6 states:

> Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.  That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

As a result, DEFENDANT'S violation of §226 also constitutes, pursuant to §226.6, a misdemeanor, is unlawful and unfair, and constitutes a predicate violation of California Business & Profession Code §17200 as described below.

56.     The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

Class Action Complaint -- Demand for Jury Trial

the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

57.     As such, PLAINTIFFS and the Class may bring this action for minimum wage, interest, costs of suit, and attorney's fees pursuant to California Labor Code §1194(a).

58.     As described, in California Labor Code §1194.2, any such action incorporates the applicable wage order of the California Labor Commission.  California Labor Code §1194.2 states:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

59.     As described herein, this is an action under California Labor Code §1194 to recover wages because of the payment of a wage less than the minimum wages as described in California Labor Code §§1197, 1194(a), and 1194.2 and any applicable wage order including IWC Order 1. Therefore, PLAINTIFFS and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FOURTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGE DUE AT TERMINATION

### (CALIFORNIA LABOR CODE §§ 201, 202, 203)

61.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

62.     California Labor Code Section 201 states:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

California Labor Code Section 202 states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter…

63.     DEFENDANT required PLAINTIFFS and the Class to work at rates below the minimum wage; failed to pay overtime premium wages; failed to provide PLAINTIFF and the

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 17 -

Class with rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failed to pay such non-exempt employee one (1) hour of pay at the non-exempt employee's regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws; required PLAINTIFF to work at least five (5) hours without a meal period and failed to pay such non-exempt employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws as described in this compliant, and as a result at termination, DEFENDANT violated California Labor Code §§201 and/or 202 by filing to pay all wages due and payable.

64.     California Labor Code §203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

65.     As noted above, DEFENDANT violated California Labor code §§201 by failing to pay PLAINTIFFS and the Class all of the wages due pursuant to the timelines provided in those sections.   DEFENDANT willfully failed to pay all wages due, as the failure to pay was not inadvertent or accidental.  As a result, PLAINTIFFS and the Class are entitled to 30 days wages. "30 days wages" is calculated pursuant to California case law as 30 <u>working</u> days and not merely a month's wages.

66.     In calculating 30 days wages pursuant to California Labor Code §203, PLAINTIFFS and the Class is entitled to compensation for all forms of wages earned (even if not properly paid), including, but not limited to, compensation for unprovided rest periods and

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 18 -

Class Action Complaint – Demand for Jury Trial

unprovided meal periods, compensation for work done at hourly rates below the minimum and overtime wages, and other compensation due but not received.

67.     More than 30 working days have passed since PLAINTIFFS and many members of the Class have has left DEFENDANT'S employ, and despite this, they has not received payment pursuant to Labor Code §203.  As a consequence of DEFENDANT'S willful conduct in not paying all earned wages, PLAINTIFFS and the Class are entitled to 30 day's wages as a penalty under Labor Code § 203 for failure to pay legal wages.

68.     WHEREFORE, PLAINTIFFS and the Class seek the relief as described herein and below.

## FIFTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

### (CALIFORNIA LABOR CODE  §§226(B), 1174, 1175)

69.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

70.     California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

i)      gross wages earned,

ii)     total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

iii)    the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

iv)     all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

v)      net wages earned,

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

Class Action Complaint – Demand for Jury Trial

vi)   the inclusive dates of the period for which the employee is paid,

vii)   the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

viii)   the name and address of the legal entity that is the employer, and

ix)   all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

71.   DEFENDANT failed to provide "accurate itemized statements" to employees because the wage statements:

a.   Falsely understated the gross wages earned by failing to pay for all hours worked.

b.   Omitted or falsely understated the total hours worked by PLAINTIFFS by reporting or ignoring the total of hours actually worked.

c.   Falsely understated the "number of hours worked at each hourly rate."

d.   Falsely stated the net wages earned.

72.   California Labor Code 226(e) and (g) provides for the remedy for the violations described in above:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

73.   Section 1174 of the California Labor Code, and Section 7 of Wage Order 1, requires DEFENDANT to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 20 -

worked daily by and the wages paid to its employees. DEFENDANT has created a uniform practice of knowingly and intentionally failing to comply with Labor Code §1174. DEFENDANT'S failure to comply with Labor Code §1174 is unlawful pursuant to Labor Code §1175. When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. Hernandez v. Mendoza, 199 Cal. App. 3d 721 (1988).

74.    By failing to keep adequate time records required by §§226 and 1174 (d) of the Labor Code, DEFENDANT has injured PLAINTIFFS and the Class and made it difficult to calculate the unpaid rest and meal period compensation due and PLAINTIFFS and the Class are entitled to up to $4,000.00 in penalties.

75.    WHEREFORE, PLAINTIFFS requests relief as described herein and below on behalf of the Class.

**SIXTH CAUSE OF ACTION**

**BREACH OF WRITTEN AND IMPLIED CONTRACT**

(CALIFORNIA LABOR CODE §§ 223, 225, 226, 206.5)

76.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

77.    The DEFENDANT entered into a written and implied employment contract with the PLAINTIFFS and the Class whereby DEFENDANT would pay hourly and piece rates of pay. Evidence of these hourly and piece rates is contained on the wage statements and piece rate sheets provided for employees as required by California Labor Code §226. Pursuant to California Labor Code §223, "where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." Pursuant to California Labor Code §225, a violation of Labor Code 223 constitutes a misdemeanor. Pursuant to California Labor Code §206.5, any

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

Class Action Complaint – Demand for Jury Trial

release required or executed regarding these wages is null and void and would constitute a misdemeanor if imposed by DEFENDANT. Further, all applicable sections of the California Labor Code and Wage Orders are incorporated into said written employment contracts with PLAINTIFFS and the Class by operation of law including all remedies, including penalties.

78.     The DEFENDANT breached the contract of employment into which they entered with the PLAINTIFFS and the Class by failing to comply with the promised terms and conditions of employment and by failing to comply with California Labor Law.

79.     PLAINTIFFS and the Class were at all times ready, willing, and able to, and did in fact, comply with the terms of the employment contract.

80.     As a direct consequence of DEFENDANT'S breach of the employment contract, PLAINTIFFS and the Class suffered substantial injury.

81.     As a result, the DEFENDANT is therefore liable to PLAINTIFFS and the Class for actual, incidental, liquidated, and consequential damages.

## SEVENTH CAUSE OF ACTION
## CONVERSION

82.     PLAINTIFFS and the Class incorporate all preceding paragraphs as though fully set forth herein.

83.     PLAINTIFFS and the Class labored for and was subject to the control of DEFENDANT and was permitted and/or required to suffer work, all for the benefit of DEFENDANT, and earned wages lawfully belonging to PLAINTIFFS and the Class. DEFENDANT converted to his own use the lawful wages and monies of PLAINTIFFS and the Class by unlawfully requiring them to work at hourly rate below the minimum wage and converting minimum wages due to DEFENDANT'S own use; failing to pay overtime premium and converting overtime wages due to DEFENDANT'S own use; failing to provide rest and meal

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA  94549
925.283.3842

- 22 -

Class Action Complaint – Demand for Jury Trial

periods without compensating non-exempt employees one hour's pay for each instance such periods were not provided, and the other violations described in this complaint and converted said monies and labor DEFENDANT'S own use.

84.     As a result of the unlawful acts of DEFENDANT, PLAINTIFFS and the Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts and exemplary and punitive damages.

85.     WHEREFORE, PLAINTIFFS request relief as described herein and below on behalf of the Class.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF UNFAIR COMPETITION LAW

(BUS. & PROF. Code § 17200 *et seq.*)

86.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

87.     On information and belief, by their policies described above, DEFENDANTS and the Class engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 et seq.  The actions of DEFENDANT as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code §§ 17200 et seq.  As described herein, PLAINTIFFS and the Class have suffered injury in fact and have lost money or property as a result of DEFENDANTS violation of §§17200 et seq. and the underlying violations as described in this complaint.

88.     PLAINTIFFS are entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

89.     As a direct and proximate result of the unfair business practices of DEFENDANT PLAINTIFFS are entitled to equitable and injunctive relief, including full restitution and/or

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 23 -

1  disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS as a result of

2  the business acts and practices described herein and enjoining DEFENDANT to cease and desist

3  from engaging in the practices described herein.

4

5          90.     The unlawful conduct alleged herein is continuing, and there is no indication that

6  DEFENDANT will not continue such activity into the future.   PLAINTIFFS allege that if

7  DEFENDANT is not enjoined from the conduct set forth in this Complaint, DEFENDANT will

8  continue to unlawfully require DEFENDANT'S non-exempt employees to work without adequate

9  minimum and overtime compensation, will continue to require non-exempt employees to work

10 during meal periods, will continue to fail to provide rest periods or provide appropriate

11 compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes,

12 insurance, and unemployment withholdings.

13

14         91.     PLAINTIFFS further request that the court issue a preliminary and permanent

15 injunction prohibiting DEFENDANT from requiring non-exempt employees to work below

16 minimum and required overtime premium rates, prohibiting other wrongful conduct which is the

17 subject of this Complaint and which may later be discovered in the course of litigation, enjoining

18 DEFENDANT from continuing to fail to provide rest periods and meal periods or provide

19 appropriate compensation in lieu thereof.

20         92.     WHEREFORE, PLAINTIFFS seek to represent request relief as described herein

21 and below.

22                                          **PRAYER**

23 WHEREFORE, PLAINTIFFS prays for judgment as follows:

24 1.      For compensatory damages in an amount according to proof with interest thereon;

25 2.      For damages, punitive or exemplary damages, and liquidated damages, in an

26         amount according to proof with interest thereon;

27 3.      For a declaratory judgment that DEFENDANT violated  PLAINTIFF'S rights under

28

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 24 -

1  the California Labor Code applicable wage orders as set forth in the preceding

2  paragraphs, California Business and Professions Code, and California tort and

3  contract law;

4  4.  Award PLAINTIFFS statutory damages or, in the alternative, actual damages;

5  5.  That DEFENDANT be ordered and enjoined to make restitution to PLAINTIFFS

6  due to their unfair competition, including disgorgement of their wrongfully-obtained

7  revenues, earnings, profits, compensation, and benefits, pursuant to California

8  Business and Professions Code §§17203 and 17204;

9  6.  That DEFENDANT be enjoined from continuing the unlawful course of conduct as

10  alleged herein;

11  7.  That DEFENDANT further be enjoined to cease and desist from unfair competition

12  in violation of California Business and Professions Code §17200 *et seq.*;

13  8.  That DEFENDANT be enjoined from further acts of restraint of trade or unfair

14  competition;

15  9.  For premium pay, premium wages, liquidated damages, statutory penalties pursuant

16  to the California Labor Code;

17  10.  For attorneys' fees, interests, and costs of suit pursuant to the California Labor Code

18  §§226, 1194, and pursuant to the private attorney provisions of California Code of Civil Procedure

19  §1021.5.

20  <u>**DEMAND FOR JURY TRIAL**</u>

21  PLAINTIFFS hereby demands trial of their claims by jury to the extent authorized by law.

22  Dated:  May 1, 2007.

LAW OFFICES OF MALLISON & MARTINEZ

23  By:_____

24  Stan S. Mallison
Attorneys for PLAINTIFFS

25  By:_____

26  Hector R. Martinez
Attorneys for PLAINTIFFS

27

28

LAW OFFICES OF
MALLISON &
MARTINEZ
1042 Brown Avenue
Suite A
Lafayette, CA 94549
925.283.3842

- 25 -

Class Action Complaint – Demand for Jury Trial